IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01150-P-BP |
| | § | |
| **DENNIS ANDREW WEBBER,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Drue Allen Hollis ("Hollis") sued Defendant Dennis Andrew Webber ("Webber") on October 14, 2021, seeking $38 million in damages related to a series of audio recordings Webber allegedly made without Hollis's authorization. ECF No. 1. That same day, Hollis's case was referred to the undersigned per Special Order 3 for judicial screening pursuant to 28 U.S.C § 636(b). ECF No. 2. Upon screening, the Court noted that Hollis had not paid the requisite filing fee or filed an Application to Proceed in District Court without Prepayment of Fees and Costs. *See* ECF No. 4. This deficiency prompted the Court's October 15, 2021 Order, which directed Hollis to either pay the $402.00 filing fee or file a motion for leave to proceed *in forma pauperis* by October 29, 2021. *Id.* The Order warned Hollis that "**[f]ailure to comply with this order may result in the dismissal of this case for want of prosecution under Federal Rule of Civil Procedure 41(b).**" *Id.* To date, Hollis has not complied with the Court's Order and has made no filings in the case.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order . . . ."

Fed. R. Civ. P. 41(b). Hollis did not comply with the Court's October 15 Order. Under the circumstances, dismissal of his case without prejudice is appropriate.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** Hollis's Complaint **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 5, 2021.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE